UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| IN RE EX PARTE PETITION OF THE REPUBLIC OF TURKEY FOR AN ORDER DIRECTING DISCOVERY FROM HAMIT ÇIÇEK PURSUANT TO 28 U.S.C. § 1782 | Civil Action No.<br><br>2:19-CV-20107-ES-SCM<br><br>**OPINION & ORDER**<br><br>[D.E. 11, 45] |

**Steven C. Mannion**, United States Magistrate Judge.

The question for this Court is one of first impression- whether § 1782, which authorizes judicial assistance to obtain evidence for use in foreign proceedings, applies when a foreign government petitioner seeks discovery from a person it has charged in a separate foreign criminal investigation. Before this Court is Respondent Hamit Çiçek's ("Mr. Çiçek") motion to either vacate the Order granting judicial assistance to the Petitioner Republic of Turkey ("Republic"), or alternatively to quash the Republic's subpoenas served upon him.[1] Mr. Çiçek also seeks discovery from the Republic and sanctions against their counsel. The Republic opposes and has informally moved to enforce the subpoenas.[2] The Court heard oral argument on May 18, 2020. For the reasons set forth on the record and herein, Mr. Çiçek's motions to vacate, quash, compel discovery and for sanctions against the Republic's counsel are all **DENIED**. The Republic's motion to enforce is **GRANTED**.

---

[1] (ECF Docket Entry No. ("D.E.") 11, 30). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 13, 39, 45).

## I. BACKGROUND AND PROCEDURAL HISTORY[3]

A. Factual Background

The Republic of Turkey is the respondent in a proceeding ("International Arbitration") initiated by Cascade Investments NV ("Cascade") on February 19, 2018, before the International Center for Settlement of Investment Disputes ("Arbitral Tribunal").[4] Cascade claims that the Republic unlawfully expropriated Cascade's investment in a Turkish news and media outlet known as Cihan Medya Dagitim A.S. ("CMD") as part of a "crackdown" on press freedom.[5] The Republic argues that the Arbitral Tribunal lacks jurisdiction over the dispute, and Cascade acknowledges that it bears the burden of establishing such jurisdiction.[6]

The Republic explains that it began investigating CMD and other media outlets in 2014 for links to an alleged "terrorist organization:" Fetullahçı Terör Örgütü ("FETÖ").[7] The Republic further contends that FETO and CMD are linked to Fetullah Gülen, a well-known Islamic cleric living in exile in the United States.[8]

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Mascarenhas Decl., at ¶ 1). The International Arbitration is docketed as *Cascade Investments NV v. The Republic of Turkey*, ICSID Case No. ARB/18/4.

[5] (D.E. 1, Mascarenhas Decl., at ¶ 1 Ex. 4).

[6] (D.E. 1, Mascarenhas Decl., at ¶ 9; D.E. 39-1, Tribunal Order No. 7, at ¶ 19).

[7] (D.E. 1, Mascarenhas Decl., at ¶ 5).

[8] (D.E. 1, Mascarenhas Decl., Ex. 4); *see also Ateş v. Gülen*, 2016 WL 3568190 (M.D.P.A. 2016). President Recep Tayyip Erdogan has accused Mr. Gülen and his supporters of backing the failed military coup against his Government in July 2016. *See United States v. Kingston*, No. 218CR00365JNPBCW, 2019 WL 1200254, at *7 (D. Utah Mar. 14, 2019), aff'd sub nom.

At the time the Republic began its investigation in 2014, Mr. Hamit Çiçek, a Turkish national, owned 23.13% of CMD's shares. By May 2015 he had reportedly brought his shareholding in CMD to 99.8%, and on May 5, 2015 he sold 89.8% of his CMD shares to Cascade in a "quick sale."[9] Cascade later purchased additional shares to bring its stake in CMD to 99.93%.

Meanwhile, Turkey's Istanbul Office of Chief Public Prosecutor brought a series of terrorism-related charges against Mr. Çiçek and, on July 26, 2016, an Istanbul judge issued a warrant for his apprehension.[10] Mr. Çiçek fled to the United States and settled in New Jersey.

B. Procedural History

On November 8, 2019, the Republic petitioned this Court to allow service of a subpoena on Mr. Çiçek for discovery to be used in the International Arbitration.[11] That petition made no mention of the criminal charges against Mr. Çiçek and was granted on December 10, 2019.[12] When the Republic then issued and served two subpoenas, Mr. Çiçek moved to quash them and to vacate the Order granting the petition.[13] The Republic has opposed and informally seeks an order enforcing Mr. Çiçek's compliance with the subpoenas. Mr. Çiçek opposed the informal motion to enforce at oral argument.

---

[9] (D.E. 1, Mascarenhas Decl., at ¶ 6).

[10] (D.E. 30-4, Tahsin Reply Decl., at 3-5; D.E. 11-2, Berutti Decl., at ¶ 7 and Ex. E).

[11] (D.E. 1, Mascarenhas Decl., at ¶¶ 1- 4).

[12] (D.E. 9, Order).

[13] (D.E. 11-3, Subpoena; D.E. 11-2, Decl. Berutti, at ¶¶ 2-3; D.E. 11, Mot.). Counsel should note that Mr. Cicek's "motion" was defective for failing to include a notice of motion as required by the Local Rules.

## II. <u>MAGISTRATE JUDGE AUTHORITY</u>

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[14] This District specifies that magistrate judges may determine all discovery motions.[15] Decisions by magistrate judges must ordinarily be upheld unless "clearly erroneous or contrary to law,"[16] but where the decision concerns a discovery dispute, the ruling "is entitled to great deference and is reversible only for abuse of discretion."[17]

## III. <u>LEGAL STANDARD</u>

Mr. Cicek moved to vacate the Order granting judicial assistance as a final judgment. That Order was not, however, certified as a final judgment.[18] The Court will therefore treat Mr. Cicek's motion as one for reconsideration.

  A. <u>Reconsideration</u>

A district court has the inherent authority to reconsider its own interlocutory orders.[19] This District governs such motions by Local Rule.[20] Motions for reconsideration require the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court]

---

[14] 28 U.S.C. § 636(b)(1)(A).

[15] L. Civ. R. 72.1(a)(1); 37.1.

[16] 28 U.S.C. § 636(b)(1)(A).

[17] *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 315 (D.N.J. 2009); *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 63-64 (D.N.J. 1996); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

[18] Fed. R. Civ. P. 54(b).

[19] *State v. National Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d. Cir. 2016).

[20] L. Civ. R. 7.1(i).

has overlooked."[21] "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly."[22] Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[23]

A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."[24] To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[25]

B. Section 1782 Assistance

District courts are authorized to assist litigants in obtaining discovery from residents of the United States.[26] The Third Circuit has determined that a "prima facie showing mandated by the statute" requires only that the application be (1) by a foreign tribunal or an "interested person," (2)

---

[21] *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Local Civil Rule 7.1(i)).

[22] *School Specialty, Inc. v. Ferrentino*, No. 14-4507(RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted.).

[23] *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

[24] L. Civ. R. 7.1(i).

[25] *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

[26] *In re Bayer AG*, 146 F.3d 188, 189 (3d Cir. 1998), as amended (July 23, 1998). *See In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456, 459 (2d Cir. 2014) (approval of *ex parte* application affirmed).

that the information sought be "for use in a proceeding in a foreign or international tribunal," and (3) that the petition seeks discovery from a person or entity that "resides or is found" in this district.[27] With these requirements satisfied, a district court has discretion to allow the discovery.[28]

This discretion is broad.[29] "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."[30] In its *Intel* decision, the Supreme Court identified four discretionary factors for district courts to consider: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance;" (3) whether the § 1782 request attempts to "circumvent foreign proof gathering restrictions or other policies;" and (4) whether the discovery sought is "unduly intrusive or burdensome."[31]

### IV. DISCUSSION AND ANALYSIS

A. Motion for Reconsideration

This Court may reconsider its decision if Mr. Çiçek can show grounds for doing so.[32] Here, Mr. Çiçek argues that reconsideration of the Court's order is appropriate because 1) the order was granted *ex parte*; 2) § 1782 authority does not apply to criminal proceedings post-accusation; 3)

---

[27] *In re Bayer*, 146 F.3d at 193 (quoting 28 U.S.C. § 1782(a)).

[28] *In re Application for an Order*, 773 F.3d at 460.

[29] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 244–45 (2004).

[30] *Id.* at 264.

[31] *Id.* at 264–65.

[32] *Max's Seafood Café,* 176 F.3d at 677.

the Republic failed to disclose its criminal charges against him; and 4) granting assistance circumvents United States policy.

### *Ex Parte Petitions and Due Process*

Mr. Çiçek argues that he was denied due process because the Republic's petition was granted on an *ex parte* application.[33] But "[a]n *ex parte* application is an acceptable method for seeking discovery pursuant to Section 1782," in part because the person subpoenaed may exercise their due process rights with a motion to quash.[34] Mr. Çiçek has done just that—his present motions are to reconsider the Court's order and to quash the Republic's subpoenas without being compelled to produce any discovery. The original *ex parte* application did not deny him due process.

### *Post-Accusation Criminal Proceedings*

Mr. Çiçek's main argument is that the Republic is barred from § 1782 discovery because of its pending criminal charges against him. He contends that because the statute specifically includes "criminal investigations conducted before formal accusation," it must exclude criminal proceedings *after* formal accusation. Although this glosses over the fact that the underlying proceeding in this matter is a civil arbitration initiated against the Republic, not a criminal proceeding initiated against Mr. Çiçek, the argument is also contradicted by the text of § 1782, its legislative history, and the case law surrounding it.

---

[33] (D.E. 11, Br., at 1).

[34] *In re Eurasian Nat. Res. Corp.*, Ltd., No. 18-MC-80041-LB, 2018 WL 1557167, at *2 (N.D. Cal. Mar. 30, 2018) (citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976)).

As ''in all statutory construction cases, we begin with the language of the statute.''[35] Section 1782(a) provides, in relevant part:

> (a) The district court of the district in which a person resides … may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.[36]

The plain language of the statute clearly applies to the Arbitral Tribunal because that body is "a foreign or international tribunal" operating pursuant to an international convention.[37]

Section 1782's history supports the same conclusion. In 1964, Congress made several changes to the law's scope. These modifications included replacing the words "in any judicial proceeding pending in any court in a foreign country" with the phrase "in a proceeding in a foreign or international tribunal," and expanding the statute's reach beyond conventional courts to include "administrative and quasi-judicial proceedings."[38] Congress also amended the law to apply to "any interested person."[39] Thus, the 1964 version of § 1782 would apply not only to the International Arbitration, but to the criminal charges pending against Mr. Çiçek in Turkey.

---

[35] *Intel Corp*, 542 U.S. at 241 (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002)).

[36] 28 U.S.C. § 1782(a) (emphasis added).

[37] *In re Matter of Application of Oxus Gold PLC*, No. MISC.06-82, 2006 WL 2927615, at *6 (D.N.J. Oct. 11, 2006) (citing *National Broadcasting Co. v. Bear Stearns & Co.*, 165 F.3d 184 (2d Cir.1999) (international arbitration is included in § 1782). *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 101 (2d Cir. 2017) (discussing the ICSID Convention and international arbitration of disputes involving nations and foreign nationals).

[38] *Intel Corp.*, 542 U.S. at 248–49.

In 1996, Congress added the "criminal investigations conducted before formal accusation" language "[t]o provide assistance to the International Tribunals for Rwanda and (former) Yugoslavia…."[40] The Supreme Court has stated that "[n]othing suggests that this amendment was an endeavor to rein in, rather than to confirm, by way of example, the broad range of discovery authorized in 1964."[41] Thus, contrary to Mr. Çiçek's interpretation, the inserted language did not exclude post-accusation prosecutions. In fact, a recent Second Circuit decision found that § 1782 applied where a criminal defendant "has already been charged" in a proceeding "being conducted by a Swiss magistrate."[42]

The collapse of this argument also consumes Mr. Çiçek's remaining fraud arguments.

*The Republic's Section 1782 Petition*

The Court further finds that judicial assistance to the Republic is appropriate because the Republic's petition made its *prima facie* showing and the discretionary *Intel* factors weigh in favor of assistance. First, the Republic is an "interested person" because it is a party to a foreign proceeding.[43] Mr. Çiçek does not dispute the pendency of the International Arbitration "which led to entry of the" order for judicial assistance.[44] Second, the Republic is seeking discovery for use

---

[39] *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 687 (D.C.Cir.1989) (request by foreign government for use in underlying criminal investigation).

[40] *Al Fayed v. C.I.A.*, 229 F.3d 272 (D.C. Cir. 2000).

[41] *Intel Corp.*, 542 U.S. at 259.

[42] *In re Application for an Order*, 773 F.3d at 461.

[43] *Al Fayed*, 229 F.3d at 272 (a sovereign government is considered a "person" when it is a party to litigation).

[44] (D.E. 11-1, Br. at 12).

in the International Arbitration, which Cascade acknowledged may bear upon the Tribunal's jurisdiction.[45] Third, Mr. Çiçek is a person who resides within New Jersey.

Because these three items establish the Republic's *prima facie* showing, the Court is authorized to exercise its broad discretion in deciding whether or not to provide judicial assistance.[46] However, after reviewing the briefings, this Court determined that the parties' initial submissions did not adequately address *Intel*'s discretionary factors. It therefore ordered the parties to supplement their papers.[47] The Republic did; Mr. Çiçek did not. Fortunately, the Republic's papers contained enough information to allow the Court to decide the issues without any further filings from Mr. Cicek.

(1) Whether the Discovery Is Accessible in the Foreign Proceeding

*Intel*'s first factor concerns whether the discovery sought is accessible through the foreign proceeding.[48] If the discovery were available from a party to the litigation, such as Cascade or an entity under the Republic's control (such as CMD) this factor would weigh against judicial assistance. Here, however, the Republic has detailed to the Court's satisfaction why it cannot obtain the discovery from Cascade or CMD.[49] Further, Mr. Çiçek is not a party to the Tribunal and is not subject to its reach. Consequently, this factor favors judicial assistance.

---

[45] (D.E. 39-1, Tribunal Order No. 7, at ¶ 19).

[46] *In re Bayer*, 146 F.3d at 193 (quoting 28 U.S.C. § 1782(a)); *In re Application for an Order*, 773 F.3d at 460; *Intel Corp.*, 542 U.S. at 244–45.

[47] (D.E. 36, Order).

[48] *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016).

[49] (D.E. 37, Pet'r Letter; D.E. 39, Mascarenhas Decl.).

(2) The Nature, Character, and Receptivity of the Foreign Tribunal

The International Arbitration concerns claims for expropriation. "Expropriation is a violation of international law if the taking is not for a public purpose, is discriminatory, or does not provide for just compensation."[50] The Republic seeks to show that either the Arbitral Tribunal lacks jurisdiction over the dispute or that Cascade's claimed damages are inflated. Because the Arbitral Tribunal has also expressly declared that it is receptive "in principle to receiving additional evidence through the 1782 Proceeding,"[51] this factor favors judicial assistance.

(3) Whether the § 1782 Request Attempts to Circumvent Foreign Proof Gathering Restrictions or Policies of the United States

The third *Intel* factor requires this Court to consider whether the Republic's petition seeks to circumvent either the Arbitral Tribunal's discovery rules or the policies of the United States. The Arbitral Tribunal has determined that "[t]here is nothing inherently inappropriate about use of a § 1782 Proceeding to obtain evidence from a third party for use in an ICSID arbitration."[52] It also found that the § 1782 request does not "circumvent foreign proof gathering restrictions or other policies" as pertaining to the Arbitral Tribunal.[53]

Instead, Mr. Çiçek contends that granting judicial assistance circumvents the Republic's treaty with the United States and contradicts United States policy. He bears the burden to show that such assistance would either lead to an egregious violation of human rights or would circumvent established United States policy.

---

[50] *Crist v. Republic of Turkey*, 995 F. Supp. 5, 10 (D.D.C. 1998).

[51] (D.E. 39-1, Tribunal Order 7).

[52] (*Id.* at ¶ 29).

[53] (D.E. 39, Mascarenhas Decl., at ¶ 4).

Section 1782 requests represent an indirect approach to achieving reciprocity with other nations for greater assistance in a variety of tribunals, in contrast to treaties for mutual assistance, which represent a "direct approach" toward the same end in criminal matters.[54] Both approaches are subject to judicial review and Constitutional guarantees of individual rights, but the United States Constitution "does not require us to ensure that a foreign government offers the same protections as does our Constitution before assisting that government."[55] Requesting assistance through § 1782 is open to most nations, whereas assistance through a mutual assistance treaty is an additional avenue open to countries with such treaties.[56]

Mr. Çiçek has not demonstrated that the Republic has circumvented its treaty. The Republic brought this petition in a civil matter initiated against it by a third party, and only after it exhausted its efforts to obtain the discovery from Cascade and CMD. This was more than eighteen months after Mr. Çiçek was criminally charged.

Mr. Çiçek has also not met his burden to show that granting assistance would lead to an egregious violation of human rights. Granting judicial assistance does not litigate the Republic's internal politics in this District.[57] Rather, § 1782 is merely a discovery device to obtain evidence for a foreign tribunal. I recommend the Court find that the Constitution is not offended by granting the Republic's petition, and this factor favors granting assistance.

---

[54] *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 564 (9th Cir. 2011).

[55] *In re Premises,* 634 F.3d at 572 (citing *Neely v. Henkel*, 180 U.S. 109, 122–23 (1901); *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir.1984)).

[56] *Id.* at 569 (Russia could seek § 1782 assistance even without MLAT).

[57] *In re Bracha Found.*, No. 2:15-MC-748-KOB, 2015 WL 6828677, at *4 (N.D. Ala. Nov. 6, 2015).

(4) Are the Subpoenas Unduly Intrusive or Burdensome?

Finally, Mr. Çiçek bears the burden of demonstrating that compliance would be unduly burdensome. "[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure."[58] "[U]ndue burden" "is limited to harm inflicted in complying with the subpoena," and not to "related follow-on issues such as whether the subpoenaed information is potentially protected by privilege."[59] Requests that are unduly burdensome may be rejected or trimmed.[60] Before a court will entertain an objection on burdensome grounds, the party asserting the objection must submit an affidavit or evidence revealing the nature of the burden.[61] The only burden Mr. Çiçek has identified is that production would violate his privilege against self-incrimination. Consequently, this factor favors providing judicial assistance.

I find that § 1782 is applicable to the present case and that the Republic has satisfied the requirements of the statute. I further find that the *Intel* factors favor judicial assistance. Therefore, there is no reason for reconsideration and the motion to vacate is **DENIED**.

---

[58] *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015).

[59] *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 11482463, at *3 (D. Ariz. Dec. 8, 2017) (quoting *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427-28 (9th Cir. 2012); see also *In re Yassai*, 225 B.R. 478, 484 (C.D. Cal. 1998) (citing *In re County of Orange*, 208 B.R. 117, 120 (S.D.N.Y. 1997)). The Court will analyze Mr. Çiçek's privilege argument on his motion to quash.

[60] *Intel Corp.*, 542 U.S. at 245.

[61] *Valentin v. Sch. Dist. of Philadelphia*, No. 2:11-cv-4027, 2012 WL 676993, at *2 n. 2 (E.D. Pa. Mar. 1, 2012).

B. Motion to Quash

The Court is required to quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies."[62] The Rule requires that when a party asserts a claim of privilege, that party must describe the privileged documents with a certain level of specificity, but does not explicitly state that the failure to do so results in a waiver of one's ability to claim privilege.[63]

Mr. Çiçek's counsel has argued from the outset that he enjoys rights against self-incrimination under both the Turkish and the New Jersey constitutions.[64] A privilege against self-incrimination must, however, be invoked by the witness, not counsel.[65] Mr. Çiçek has not personally invoked any rights under the New Jersey Constitution, so this Court will not consider any such right as a factor here.[66]

Mr. Çiçek has, however, personally invoked his "right under the Turkish Constitution…."[67] Both Rule 45 and Section 1782 shield any legally privileged material.[68] The privilege protection

---

[62] Fed. R. Civ. P. 45(d)(3)(A)(iii).

[63] *Wal–Mart Stores, Inc. v. City of Pontiac Gen. Employees' Ret. Sys.*, 314 F.R.D. 138, 140 (D. Del. 2016); *see Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996).

[64] (D.E. 11-1, Br., at 27-30).

[65] *State ex rel. Butterworth on Behalf of Dade Cty. Sch. Bd. v. Southland Corp.*, 684 F. Supp. 292, 295 (S.D. Fla. 1988).

[66] *In re Eurasian Nat. Res. Corp., Ltd.*, No. 18-MC-80041-LB, 2018 WL 1557167, at *4 (N.D. Cal. Mar. 30, 2018) (privilege not yet invoked could not weigh against subpoena).

[67] (D.E. 29, Cicek Decl., at ¶ 13).

[68] *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 218CV01479KOBHNJ, 2019 WL 8014475, at *4 (N.D. Ala. Nov. 4, 2019); *Intel*, 542 U.S. at 260 (Citing S.Rep. No. 1580, at 9, U.S.Code Cong. & Admin. News 1964, at 3782, 3789–90 ("[N]o person shall be required under the provisions of [§ 1782] to produce any evidence in violation of an applicable privilege.")).

extends to foreign privileges.[69] But a party who relies upon foreign law bears the burden of adequately proving the application of such law.[70] Mr. Çiçek has made no effort to demonstrate how the Turkish privilege differs from its American analog, so this Court will presume that the Turkish right against self-incrimination would be applied in the Republic as the Fifth Amendment would apply here.[71]

A subpoenaed party who claims a self-incrimination privilege cannot make a "blanket assertion" of privilege and refuse to produce any documents or testimony.[72] He "may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege."[73] Moreover, as the person who has withheld "subpoenaed information under a claim that it is privileged," Mr. Çiçek "must: … describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself

---

[69] *See Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1222-23 (11th Cir. 2019); *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010); *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 80 (2d Cir. 1997); *In re Grand Jury Proceedings*, Doe No. 700, 817 F.2d 1108, 1112 (4th Cir. 1987); *In re Veiga*, 746 F. Supp. 2d 8, 26 (D.D.C. 2010).

[70] *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 440 (3d Cir. 1999).

[71] *Id.* at 441.

[72] *See National Life Insurance Co.*, 615 F.2d at 599 n.4 (quoting *In re Hoffman Can Corp.*, 373 F.2d 622, 627 (3d Cir. 1967) (appellants cannot simply refuse to provide all documents; they had to produce those which "could not possibly be incriminating no matter how broadly the privilege is construed."); *In re Gorsoan Ltd.*, No. 18-MC-431 (RA), 2020 WL 409729, at *11 (S.D.N.Y. Jan. 24, 2020) (citing *United States v. Clark*, 574 F. Supp. 2d 262, 267 (D. Conn. 2008) ("[A]n individual who wishes to assert his Fifth Amendment right against self-incrimination cannot make a 'blanket claim of privilege.'")).

[73] *U.S. v. Hubbell*, 530 U.S. 27 (2000).

privileged … will enable the parties to assess the claim."[74] He has not. Therefore, his motion to quash will be **DENIED**.

    C.  Motion to Enforce

Counsel for the Republic sought to meet and confer with Mr. Çiçek's counsel over compliance with the subpoenas to no avail. The Republic now requests leave to move for enforcement. The Local Rules, however, permit judges to allow the filing of informal motions to expedite resolution of issues in the case.[75] Considering that the parties have already addressed the issues in the context of Mr. Çiçek's motion to quash, additional briefing is not required.

For the reasons discussed above, the Court has denied Mr. Çiçek's motion to quash. The same reasoning support granting the Republic's motion to enforce its subpoenas. Mr. Çiçek has made a "blanket assertion" of immunity, but cannot.[76] He must produce documents that are not privileged and "must: … describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged … will enable the parties to assess the claim."[77] Mr. Çiçek has not. Therefore, the Republic's motion to compel will be **GRANTED**.

---

[74] Fed. R. Civ. P. 45(e)(2)(A).

[75] *See* L.Civ.R. 7.1(b) and 37.1(a).

[76] *See National Life Insurance Co.*, 615 F.2d at 599 n.4 (quoting *In re Hoffman Can Corp.*, 373 F.2d at 627) (appellants cannot simply refuse to provide all documents; they had to produce those which "'could not possibly be incriminating no matter how broadly the privilege is construed.'"); *In re Gorsoan Ltd.*, No. 18-MC-431 (RA), 2020 WL 409729, at *11 (S.D.N.Y. Jan. 24, 2020) (citing *United States v. Clark*, 574 F. Supp. 2d 262, 267 (D. Conn. 2008) ("[A]n individual who wishes to assert his Fifth Amendment right against self-incrimination cannot make a 'blanket claim of privilege.'").

[77] Fed.R.Civ.P. 45(e)(2)(A).

An appropriate Order follows:

## ORDER

**IT IS** on this Monday, May 18, 2020,

1. **ORDERED**, that Respondent Hamit Çiçek's motion to vacate the Court's Order is **DENIED** and motion to quash the Republic's subpoenas is **DENIED** without prejudice; and it is further

2. **ORDERED**, that Respondent Çiçek's motions to compel discovery from the Republic and for sanctions against its counsel are **DENIED**; and it is further

3. **ORDERED**, that Petitioner Republic of Turkey's motion to compel is **GRANTED**. Respondent Hamit Çiçek shall produce all non-privileged documents responsive to the subpoenas within 14 days. He shall also shall produce a privilege log within the same 14 days describing the nature of any withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged will enable the parties to assess the claim; and it is further

4. **ORDERED**, that counsel shall immediately confer regarding a deposition and Respondent Hamit Çiçek shall be produced for deposition within 21 days of this Order.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/18/2020 4:32:49 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties